## DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| GREGORY ANDERSON<br>　　　　　　　　Plaintiff<br><br>v.<br><br>DOW CHEMICAL, THE SCOTTS COMPANY, THE SCOTTS MIRACLE GRO COMPANY, THE DREXEL CHEMICAL COMPANY, INC., VALENT USA CORPORATION, PHARMACIA CORPORATION f/k/a MONSANTO COMPANY, PFIZER, INC., E.I. DU PONT DE NEMOURS AND COMPANY,<br>　　　　　　　　Defendants. | 06-CV-0117 |

TO:　Joel H. Holt, Esq.
　　　 Carl A. Beckstedt III, Esq.
　　　 Wilfredo A. Geigel, Esq.
　　　 Terri Griffiths, Esq.
　　　 Richard H. Hunter, Esq.
　　　 Kevin A. Rames, Esq.
　　　 Andrew C. Simpson, Esq.

**ORDER GRANTING DEFENDANT SCOTTS MOTION TO TRANSFER
TO WESTERN DISTRICT OF KENTUCKY AND DEFENDANT DOW CHEMICAL
COMPANY, INC.'S MOTION TO TRANSFER VENUE**

THIS MATTER is before the Court upon Defendant The Scotts Company LLC's

(Scotts) Motion to Transfer to Western District of Kentucky (Docket No. 66). Plaintiff filed

*Anderson v. Dow Chemical*
2006-CV-0117
Order Granting Defendants' Motions to Transfer
Page 2

an opposition to said motion, and Defendant filed a reply thereto. Co-defendants The Dow Chemical Company (Dow), The Scotts Miracle-Gro company, The Drexel Chemical Company, Inc., Valent USA Corporation, Pharmacia Corporation f/k/a Monsanto Company, Pfizer, Inc., and E.I. Du Pont de Nemours and Company joined in said Defendant's Motion to Transfer. Dow also filed a separate Motion to Transfer Venue (Docket No. 87). Plaintiff filed an opposition to each joinder as well as to Dow's Motion. Scotts' and Dow's motions are addressed below.

In the instant case, Scotts seeks a transfer of venue to the Western District of Kentucky pursuant to 28 U.S.C. § 1391(a) and § 1404(a), stating this case might have originally been brought in the "proposed transferee district." Motion to Transfer at 4. Defendant suggests that all defendants are subject to personal jurisdiction in Kentucky by virtue of their doing business there; and, a weighing of factors as determined by *Kressen v. Federal Insurance Co.*, 122 F. Supp. 2d 582, 588 (D.V.I. 2000), points "heavily in favor of litigating this matter in . . . Kentucky . . . ." Motion at 5, 10. Such factors prompting change of venue as mentioned by said Defendant include, but are not limited to, "defendants are proposing a transfer to the plaintiffs' [sic] home forum[]," the majority of Plaintiff's medical care providers are located in Kentucky, "the vast majority of experts will have to come from the continental United States, and it will be far more convenient for them to get to

*Anderson v. Dow Chemical*
2006-CV-0117
Order Granting Defendants' Motions to Transfer
Page 3

Kentucky . . . than . . . to St. Croix," all of Plaintiff's medical records are located in Kentucky or Texas, and the Western District of Kentucky is a less congested judicial forum than this district. Reply to Opposition at 1, 4-7.

Plaintiff opposes transfer, in part, because Plaintiff's chosen forum is St. Croix and the "'balance of factors' does not outweigh the plaintiff's chose [sic] forum . . . ." Opposition at 6. Plaintiff suggests the balance of factors does not outweigh the chosen forum because his counsel is in St. Croix and a change of forum would require him to obtain new counsel. *Id*. Plaintiff states, "none of the defendants are located in Kentucky, nor do they have 'books and records' relevant to this case located in Kentucky." *Id*. And, although this forum is more congested, this case would "not unduly burden this Court . . ." *Id.* Plaintiff also asserts that the "entire exposure to benzene containing pesticides was in the Virgin Islands . . . [and] all of the facts relevant to plaintiff's benzene exposure . . . occurred on St. Croix - not in Kentucky." *Id*. at 2.

**DISCUSSION**

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Court has broad discretion to transfer an action. *Tranor v. Brown*, 913 F. Supp. 388, 391 (E.D. Pa. 1996). However, when deciding whether

*Anderson v. Dow Chemical*
2006-CV-0117
Order Granting Defendants' Motions to Transfer
Page 4

to transfer, "the Court should 'consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interest of justice be better served by transfer . . . .'" *Elbeco Inc. v. Estrella de Plato, Corp.*, 989 F. Supp. 669, 678 (E.D. Pa. 1997)(citing *Jumara v. State Farm Insurance Co.*, 55 F.3d 873, 879 (3d Cir. 1995)).  Though not an exhaustive list, the following enumerated factors should be considered:

> 1) plaintiff's choice of forum; 2) defendant[s]'[] preference; 3) residence of the parties; 4) convenience to the parties; 5) convenience to witnesses; 6) location of books and records; 7) practical considerations that could make the trial easier, more expeditious, or less expensive; 8) congestion of the possible fora; and 9) local interest in deciding local controversies.

*Elbeco Inc.*, 989 F. Supp. at 678.  Additionally, "defendants have the burden of establishing its propriety."  *Tranor*, 913 F. Supp. at 391.  Defendants must "support their motion with appropriate supporting documents . . . that would tend to establish the necessary elements of a transfer . . . ."  *Kendricks v. The Hertz Corporation*, No. 05-0164, 2006 U.S. Dist. LEXIS 85432 (D.V.I. October 30, 2006)(unpublished opinion); *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756-57 (3d Cir. 1973).

However, "[b]efore determining whether a case should be transferred . . . a threshold issue must be determined concerning whether the movant's proposed alternative venue is a proper one to decide the case."  *Gonzalez v. Electronic Control Sys.*, No. 93-3107, 1993 U.S. Dist. LEXIS 12973 at *5 (E.D. Pa. Sep. 16, 1993)(citing *Hoffman v. Blaski*, 363 U.S.

*Anderson v. Dow Chemical*
2006-CV-0117
Order Granting Defendants' Motions to Transfer
Page 5

335, 343-44, 4 L. Ed. 2d 1254, 80 S. Ct. 1084 (1960); *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3d Cir. 1970); *Verilla v. Consolidated Rail Corp.*, No. 92-437, 1992 WL 150699 at *1 (E.D. Pa. June 17, 1992)). Defendant cites 28 U.S.C. § 1391(a) and 1391(c). Subsection a of Section 1391 provides, "[a] civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State . . . ." 28 U.S.C. § 1391(c) reads, "[f]or purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced . . . ." Scotts stipulates that "all of the defendants were subject to personal jurisdiction at the time this action was commenced . . .," Motion at 4, and Scotts attaches Exhibit B, "Declaration of Andrew C. Simpson," in support. In doing so, Scotts asserts that "this case could originally have been filed in the Western District of Kentucky." *Id*. at 5. Plaintiff limits his response to, "neither Scotts [n]or any other defendants are residents of Kentucky"; however, Plaintiff provides no support for said assertion and proceeds directly to a balancing of the factors. Because the Western District of Kentucky provides a proper venue, the Court proceeds to an examination of the relevant factors as well.

*Anderson v. Dow Chemical*
2006-CV-0117
Order Granting Defendants' Motions to Transfer
Page 6

Plaintiff's choice of forum is the Virgin Islands. Plaintiff's "choice of proper forum is a paramount consideration . . . [and] should not be lightly disturbed." *Decker v. Marriott Hotel Servs.*, No. 06-3191, 2007 U.S. Dist. LEXIS 40251 (E.D. Pa. June 4, 2007)(citation omitted). However, "where the plaintiff chooses a forum which is not his home, his choice should be given considerably less weight." *Siegel v. Homestore, Inc.*, 255 F. Supp. 2d 451, 456 (D. Pa. 2003)(citing *Piper Aircraft Company v. Reyno*, 454 U.S. 235, 256 (1981)). Plaintiff "is a resident and citizen of the state of Kentucky." Complaint at 1. Additionally, Defendants are amenable to the Western District of Kentucky exercising personal jurisdiction over them. As such, the residence of the parties favors transfer.

Furthermore, "to insist that Plaintiff's choice of forum is controlling would be to render § 1404(a) meaningless. Equally important is the balancing of the other relevant choice-of-forum considerations." *Rowles v. Hammermill Paper Co.*, 689 F. Supp. 494, 496 (E.D. Pa. 1988).

Regarding the "convenience to the parties," Plaintiff contends that he would be burdened, as he "would have to find new counsel." Plaintiff supports that notion in his Declaration stating, "I would have to find a new lawyer, as Attorney Holt has informed me that he would not be able to continue with this case if it is transferred to Kentucky."

*Anderson v. Dow Chemical*
2006-CV-0117
Order Granting Defendants' Motions to Transfer
Page 7

Opposition at 5. In response, Scotts argues that all of the defendants have joined in the motion to transfer, Plaintiff has counsel in Kentucky advising him on a separate social security claim, and that Plaintiff's Kentucky counsel is "thoroughly familiar with [all of] plaintiff's claims" in the matter at bar. Reply at 4. Additionally, Scotts alleges that "[i]t should not be difficult for plaintiff to continue to employ Attorney Holt as his counsel in association with Attorney Olin . . . . Attorney Holt will merely need to be admitted *pro hac vice* to the court in Kentucky." *Id*. On this point, the Court observes that the evidence supports transfer. Although Defendants may obtain counsel in either venue and is in a better position to absorb the costs of litigating in this forum, Plaintiff is a citizen and resident of Kentucky, and the burden associated with continuance in St. Croix will fall more heavily upon Plaintiff. And, given that Plaintiff has counsel in both jurisdictions, and Attorney Holt may be admitted *pro hac vice* in Kentucky, the Court finds the evidence to be in Defendants' favor on this issue.

The Court observes that the "convenience to witnesses weighs heavily in making a decision regarding a motion to transfer venue." *Gonzalez*, 1993 U.S. Dist. LEXIS 12973 at *10 (citation omitted). Scotts argues that "[P]laintiff's discovery responses . . . have identified 44 medical care providers . . . . Twenty-four of these individuals are located in

*Anderson v. Dow Chemical*
2006-CV-0117
Order Granting Defendants' Motions to Transfer
Page 8

Kentucky. None are . . . in St. Croix." Reply at 4. Scotts also argues that Plaintiff's fact witness list is inconsequential. *Id*. Scotts asserts that said fact witnesses will merely confirm that Plaintiff worked on St. Croix, "an issue not in dispute." *Id*. Additionally, Defendant states that "Plaintiff's claim that he 'may' have experts on St. Croix also is of no avail. The fact remains that the vast majority of the experts will have to come from the continental United States . . . ." *Id.* at 5.

While the Court agrees with Scotts that the majority of witnesses will most likely come from the continental United States, possibly even Kentucky, "[t]o show inconvenience to witnesses, the moving party needs to provide . . . a list of the names and addresses of witnesses . . . the moving party plans to call, affidavits showing the materiality of the matter to which these witnesses will testify and the costs of travel for the witnesses." *Howell v. Shaw Indus.*, No. 93-2068, 1993 U.S. Dist. LEXIS 13784 at *15 (E.D. Pa. September 29, 1993)(citing *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 757 (3d Cir. 1973)). In the motion at bar, Scotts provides a pool of candidates from which possible witnesses will be drawn but gives no indication as to who will be called to testify; as a result, Scotts has failed to show that this point favors transfer.

*Anderson v. Dow Chemical*
2006-CV-0117
Order Granting Defendants' Motions to Transfer
Page 9

In regards to the location of books and records, Plaintiff contends that his medical records are located in Kentucky and Texas; however, his work records are located in the Virgin Islands. Opposition at 5. Scotts replies that "defendants do not have records in St. Croix." Reply at 5. Scotts further states that "three of the defendants are headquartered in states near Kentucky. It will . . . be easier for the parties and their . . . local counsel to inspect these records rather than having St. Croix attorneys have to go to these locations . . . ." *Id.* The Court finds Scotts' arguments on this point unpersuasive. Given "the ease with which copies can be obtained," *Gonzalez*, 1993 U.S. Dist. LEXIS 12973 at *10, the documents' location deserves less weight, and, regardless, Scotts has failed in its burden to show that the location of said documents favors transfer.

Regarding practical considerations that could make the trial easier, more expeditious, or less expensive, travel considerations alone strongly favor transfer.

Regarding congestion of the possible fora, Scotts states that the "docket of the Western District of Kentucky is far less congested than this Court's." Motion at 9. Scotts submits a "Judicial Caseload Profile Report," contained in exhibits C and D, in support and states that the Virgin Islands had 814 pending cases for two (2) Judgeships in 2006 whereas the Western District of Kentucky had 355 pending cases for four and a half (4.5) Judgeships

*Anderson v. Dow Chemical*
2006-CV-0117
Order Granting Defendants' Motions to Transfer
Page 10

in the same year. Motion at 9. Additionally, "[i]n this district, 35.6% of all civil cases are over three years old compared to 7.0% in the Western District." *Id*. Scotts cites additional facts in support and those facts are available within Scotts' Motion and the "Judicial Caseload Profile Report" for each forum. Plaintiff responds by stating that the local "Court certainly is not so congested that it cannot handle this individual claim for damages due to the exposure to defendant's products . . . ." Opposition at 5. Based on Scotts' supporting evidence, however, the Court agrees that the Western District of Kentucky is better suited to handle this claim in a more efficient manner.

Neither Plaintiff nor Scotts address the issues concerning the local interest in deciding local controversies; accordingly, this Court will not consider it when balancing the factors.

Finally, both Plaintiff and Scotts address the issue of where the claim arose. This issue is pragmatically related to Plaintiff's choice of forum, and the Court will consider it here. Plaintiff alleges that the facts giving rise to his product liability claim arose in St. Croix. Opposition at 2. Plaintiff puts forth "Declaration of Gregory Anderson," contained in Exhibit A, in support. *Id*. Scotts disputes Plaintiff's argument that his claim arose in the Virgin Islands and suggests that, even if the claim arose in the Virgin Islands, it matured

*Anderson v. Dow Chemical*
2006-CV-0117
Order Granting Defendants' Motions to Transfer
Page 11

in Kentucky. Defendants assert that Plaintiff's illness arose out of benzene exposure due to Plaintiff's "smoking habit," and that "smoking two packs of cigarettes a day . . . in [his] new home, Kentucky" may have been the cause. Reply at 2. The Court finds that the facts do not favor transfer on this point.

Defendant Dow filed a separate Motion to Transfer also pursuant to 28 U.S.C. § 1404(a), and Dow presents essentially the same claim as Scotts.

Given that Dow presents the same issues and joins in Scotts' Motion to Transfer, after applying the appropriate balancing test, the Court finds that the facts in this case favor transfer. The residence of the parties is Kentucky and litigating in the Western District of Kentucky will be more convenient. Practical considerations associated with travel alone will make the trial easier, more expeditious, and less expensive. And, Western Kentucky is a less congested forum. The aforementioned reasons favor Scotts' Motion to Transfer to Western District of Kentucky and Dow's Motion to Transfer Venue.

Accordingly, it is now hereby **ORDERED**:

1. Defendant Scott's Motion to Transfer to Western District of Kentucky (Docket No. 66) is **GRANTED**.

2. Defendant Dow's Motion to Transfer Venue (Docket No. 87) is **GRANTED**.

*Anderson v. Dow Chemical*
2006-CV-0117
Order Granting Defendants' Motions to Transfer
Page 12

3. This matter is **TRANSFERRED** to the United States District Court Kentucky Western, and the Clerk of Court shall forward a copy of the file in this matter to said court.

ENTER:

Dated: June 18, 2007                                /s/
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE