NOT PRECEDENTIAL – NOT FOR PUBLICATION

# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | | |
|---|---|---|
| GREGORY ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV NO. 2006-0117 |
| | ) | |
| THE DOW CHEMICAL COMPANY, THE SCOTTS COMPANY, THE SCOTTS MIRACLE-GRO COMPANY, THE DREXEL CHEMICAL COMPANY, INC., VALENT USA CORPORATION, PHARMACIA CORPORATION f/k/a MONSANTO COMPANY, PFIZER, INC. and E.I. DU PONT de NEMOURS AND COMPANY, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |
| _____ | ) | |

## **MEMORANDUM OPINION**

Finch, J.

THIS MATTER comes before the Court on the Plaintiff's Objections to Magistrate Judge's Order dated June 18, 2007 and Appeal to District Court Judge Pursuant to Federal Rule of Civil Procedures Rule 72(a) and Local Rule 72.l. Defendants moved to transfer venue pursuant to 28 U.S.C. § 1404(a). For the reasons stated in his Order dated June 18, 2007, the Magistrate Judge transferred venue to the Western District of Kentucky. Plaintiff Gregory Anderson made timely objections to the Magistrate's Order.

**I.  Transfer of Venue Considerations**

Under § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been

brought." 28 U.S.C. § 1404(a).  The Third Circuit in <u>Jumara v. State Farm Ins. Co.</u>, 55 F.3d 873, 879-80 (3d Cir.1995) listed factors to consider when deciding whether or not to transfer venue. These factors include six private interest factors interpreting the "convenience" language of § 1404(a) and six public interest factors interpreting the "interests of justice" language.  <u>Costello v. Novartis Pharmaceuticals Corp.</u>, 2006 WL 1479800, *1 (E.D. Pa., May 25, 2006).

The private interest factors are: (1) "plaintiff's forum preference as manifested in the original choice;" (2) "the defendant's preference;" (3) "whether the claim arose elsewhere;" (4) "the convenience of the parties as indicated by their relative physical and financial condition," (5) "the convenience of the witnesses-but only to the extent that the witnesses may actually be unavailable for trial in one of the fora;"and (6) "the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)."  <u>Jumara</u>, 55 F.3d at 879.

The public interest factors are: (1) the enforceability of the judgment, (2) practical considerations regarding the ease, speed, or expense of trial, (3) the administrative difficulty due to court congestion, (4) the local interest in deciding local controversies in the home forum, (5) the public policies of the two fora, and (6) the trial judge's familiarity with the applicable state law in diversity cases.  <u>Id.</u> at 879-80.

The court must balance all of the relevant factors and determine whether a transfer of venue would best serve all the aforementioned interests. <u>See id.</u> at 883.  "The burden is on the moving party to establish that a balancing of proper interests weigh in favor of the transfer, and unless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail." <u>Shutte v. Armco Steel Corp.</u>, 431 F.2d 22, 25 (3d Cir. 1970) (citations and quotations omitted).

**II.      Review under Clear Error and Contrary to Law Standard**

A motion to transfer venue is not a dispositive motion. <u>Brown v. Kia Motors Corp.</u>, 2007 WL 539652, *1 n.1 (W.D. Pa., Feb. 15, 2007). Therefore, it is not subject to *de novo* review, but is reviewed instead under a "clear error" or "contrary to law" standard. <u>Kendricks v. Hertz Corp.</u>, 2006 WL 3404566, *1 (D.V.I., Oct. 30, 2006).

      A.     <u>The Magistrate Judge's Analysis of the Private Interests</u>

         (1) and (2) The Parties' Preferences

"It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request. . . . " <u>Shutte</u>, 431 F.2d at 25. The Magistrate Judge recognized that Plaintiff preferred St. Croix, Virgin Islands. However, because the Magistrate Judge found that Plaintiff had chosen a forum in which he is not presently residing, the Magistrate Judge gave little weight to Plaintiff's choice, relying on <u>Siegel v. Homestore, Inc.</u>, 255 F. Supp.2d 451, 456 (E.D. Pa. 2003).

<u>Siegel</u> was a case in which the parties had entered into a forum selection clause and the only connection with plaintiff's chosen district was the locale of the execution of the closing documents. <u>Siegel</u>, in turn, relied on <u>Piper Aircraft Co. v. Reyno</u>, 454 U.S. 235, 256 (1981) for the proposition that "where the plaintiff chooses a forum which is not his home, his choice should be given considerably less weight." <u>Id.</u> However, the <u>Piper Aircraft Co.</u> case dealt with a plaintiff from a foreign country. <u>Piper Aircraft Co.</u>, 454 U.S. at 256. The point emphasized in <u>Piper Aircraft Company</u> was that "a foreign plaintiff's choice deserves less deference." <u>Id.</u>; see <u>Ashmore v. Northeast Petroleum Div. of Cargill, Inc.</u>, 925 F. Supp. 36, 39 (D. Me. 1996) (distinguishing <u>Piper Aircraft Co.</u> as "actually refer[ring] to plaintiffs who are not residents of the United States, not

merely of the forum state"). "Because the reason for giving a foreign plaintiff's choice less deference is not xenophobia, but merely a reluctance to assume that the choice is a convenient one, that reluctance can readily be overcome by a strong showing of convenience." Lony v. E.I. Du Pont de Nemours & Co., 886 F.2d 628, 634 (3d Cir. 1989).

Anderson's choice of forum corresponded with the venue in which a substantial portion of the operative facts occurred. "As a general rule, the preferred forum is that which is the center of the accused activity." S.C. Johnson & Son, Inc. v. Gillette Co., 571 F. Supp. 1185, 1187-88 (Ill. 1983). Even when the forum is not the plaintiff's "home turf," "if the plaintiff's choice of forum relates to its legitimate, rational concerns then the plaintiff's choice of forum is still accorded substantial weight." Waste Distillation Technology, Inc. v. Pan American Resources, Inc., 775 F. Supp. 759, 764 (D. Del. 1991). Anderson chose St. Croix, Virgin Islands because the alleged harmful exposures to chemicals which are at the root of his claims occurred in St. Croix. In addition, several factual witnesses live in St. Croix. These are legitimate, rational reasons for Anderson's choice to file this action in St. Croix, Virgin Islands. Therefore, the Magistrate Judge erred in not according Anderson's choice substantial weight.

Given a choice between the Virgin Islands and the Western District of Kentucky, the Defendants preferred the Western District of Kentucky. However, not a single Defendant resides in the Western District of Kentucky. Thus, the Court disagrees with the Magistrate Judge's conclusion that the residence of the parties favors transfer. Because Plaintiff's choice of forum "should not be lightly disturbed," Shutte, 431 F.2d at 25 (quotation omitted), the Magistrate Judge should have found that this factor weighed against transfer.

(3) Whether the Claim Arose Elsewhere

The Court agrees with the Magistrate Judge's conclusion that since Plaintiff's claim arose in St. Croix, Virgin Islands, this factor does not favor transfer.

(4) Convenience of the Parties

The Magistrate Judge stated that "Defendants may obtain counsel in either venue and [are] in a better position to absorb the costs of litigating in this forum." Surprisingly, the Magistrate Judge found that it would be a burden on Anderson to litigate in his forum of choice – St. Croix, Virgin Islands. By choosing St. Croix in the first place, Plaintiff waived any consideration of the inconvenience of his chosen forum.

The proper comparison of inconveniences in this case is the burden on the Defendants of litigating in St. Croix, Virgin Islands with the burden on Anderson of litigating in the Western District of Kentucky. Notwithstanding, this aspect of the Magistrate Judge's analysis, the Court finds that the Magistrate Judge did not clearly err in finding that the convenience to the parties weighed in favor of litigating in the Western District of Kentucky.

Although none of the Defendants are from the Western District of Kentucky, they are all from states within the continental United States. It would not be inconvenient for Plaintiff to litigate in the Western District of Kentucky because Plaintiff resides there. Despite Anderson's emphasis that a consequence of a transfer of venue will be his having to seek new counsel, in the Third Circuit, "[t]he convenience of counsel is not a factor to be considered." Solomon v. Continental Am. Life Ins. Co., 472 F.2d 1043, 1047 (3d Cir.1973).

(5) Convenience of the Witnesses and (6) Location of Books and Records

The Magistrate Judge determined that neither of these two last private factors favored transfer. These findings are not clearly erroneous.

5

      B.      <u>The Public Factors</u>

The public factors that the Magistrate Judge considered were the court congestion and travel considerations. The Court agrees with the Magistrate Judge's finding, based on the evidence before him that this Court is more congested than the Western District of Kentucky. However, this factor is not compelling in that "docket congestion is not given much weight in a § 1404(a) consideration." <u>IMS Health, Inc. v. Vality Technology Inc.</u>, 59 F. Supp.2d 454, 471 (E.D. Pa. 1999) (quotation omitted); <u>see also</u> <u>Penda Corp. v. STK, LLC</u>, 2004 WL 2004439, *3 (E.D. Pa., Sept. 7, 2004) (collecting cases).

As to travel considerations, the Court believes this factor to be subsumed within the considerations of the convenience to the parties and the witnesses. Certainly travel is the major factor that is associated with convenience. The Magistrate Judge should not have considered it as a separate practical consideration. Travel is considered separately from the convenience factors generally only when it is considered contrary to the interests of justice to change venue to a nearby district. <u>See, e.g.</u>, <u>Ashmore</u>, 925 F. Supp. at 39 (considering ease of transportation between Massachusetts and New Hampshire as not justifying court in uprooting litigation).

Finally, the Magistrate Judge did not consider the local interest in deciding local controversies at home because he did not realize that the parties had raised this issue. In fact, the parties did identify and argue this factor. Defendant The Dow Chemical Company stated that St. Croix, Virgin Islands "has no direct interest in the resolution of a controversy between parties all of whom reside elsewhere" and that "[i]t has been 12 years since the Plaintiff's brief residence on St. Croix." Anderson responded that as a result of Defendants' tortious activities he was exposed to dangerous products for eight years while living in St. Croix, Virgin Islands.

St. Croix, Virgin Islands has an interest in protecting its citizens from a dangerous product. Defendants failed to demonstrate to the Magistrate Judge that any other jurisdiction had a greater local interest in this matter.[1] Thus, this factor does not weigh in favor of transfer.

### III.    Conclusion

The only private factors weighing in favor of transfer to the Western District of Kentucky is the convenience to the parties and the only public factor weighing in favor is the court congestion in St. Croix, Virgin Islands, which as mentioned is not a compelling consideration.  In sum, Defendants have not sustained their burden of showing that the balance of private and public interests is strongly in favor of transfer to the Western District of Kentucky.  Thus, the Court finds that the Magistrate Judge's decision to transfer this matter to the Western District of Kentucky was clearly erroneous.

**ENTER:**

**DATED:**     October 3, 2007            _____/s/_____
                                          RAYMOND L. FINCH
                                          DISTRICT JUDGE

---

[1] In their responses to Anderson's objections to the Magistrate Judge's Order, Defendants contend that the Western District of Kentucky has a local interest in this matter because Anderson is being treated there.  However, they did not raise this point before the Magistrate Judge.  "Since this argument was not presented to the Magistrate for his consideration before decision, the court will not consider it now."  Health Corp. of America, Inc. v. New Jersey Dental Ass'n, 77 F.R.D. 488, 492 (D.N.J. 1978).